WADE L. STREET, MINNIE LIVINGSTON, AND JENNIE L. MAHON, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF JEFFERSON LIVINGSTON, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39515.   Promulgated May 9, 1932.

*George E. H. Goodner, Esq.,* for the petitioners.
*Hartford Allen, Esq.,* and *F. S. Gettle, Esq.,* for the respondent.

OPINION.

Murdock: The parties agree that if the decedent sustained a net loss within the meaning of section 204 (a) of the Revenue Act of 1921, the amount of the loss was ample to wipe out income for 1924 so there would be no deficiency for the year. The taxpayer has paid no tax. Our only question is to determine whether or not the facts in this case establish a "net loss" within the meaning of section 204 (a) of the Revenue Act of 1921, which is made applicable by section 206 (f) of the Revenue Act of 1924. Section 204 (a) provides that "the term 'net loss' means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business)." The Commissioner has held that the loss of 1923 was not a business loss within the meaning of the above sec-

tion. The petitioners contend that it was a loss sustained by the decedent in his business on either one of the two following theories: (1) It was a loss sustained by decedent in carrying on and winding up the T. A. Snider Preserve Company business, or (2) it was a loss sustained by the decedent in the course of his business of buying and selling securities for profit regularly carried on by him over a period of years.

The decedent's loss did not result from the operation or winding up of the T. A. Snider Preserve Company business, nor was this business regularly carried on by him in 1923. The corporation carried on its own business. It was engaged in the business of packing and canning food products. The decedent's loss did not result from the business of packing and canning food products, but resulted from the sale of some stock. His was a capital investment loss. The corporate entity may not be disregarded in this connection. The corporation, for all we know, may have had a profitable year in 1923, but in any event, the loss in question did not result from the operations of that company during the year. The decedent may not have his net loss carried over on this first theory. *Dalton* v. *Bowers*, 56 Fed. (2d) 16, *Anderson* v. *United States*, 48 Fed. (2d) 201; cf. *Pabst* v. *Commissioner*, 36 Fed. (2d) 614; *Goldberg* v. *Commissioner*, 36 Fed. (2d) 551; *Bedell* v. *Commissioner*, 30 Fed. (2d) 622; *Schuette* v. *Anderson*, 55 Fed. (2d) 902.

The petitioners next contend that the loss was sustained by the decedent in the course of his business of buying and selling securities for profit, which was a business regularly carried on by him over a period of years. We will assume, since we need not decide, that the decedent's activities in buying and selling securities for profit were a business regularly carried on by him during the year 1923. The statute requires, in addition, that the net loss result from the operation of the business. It may include losses sustained from the sale of capital assets used in the conduct of such trade or business. The decedent's ownership of the T. A. Snider Preserve Company stock was quite unlike his ownership of other stocks. He did not acquire or own the Preserve Company stock for the same purposes which he acquired and owned the other stock. He was not an ordinary stockholder in the Preserve Company as he was in the other companies. He was the principal, if not the sole owner of the company, its president, treasurer, and general manager. He was the principal person in the company and conducted its business affairs for it. The decedent, in his stock market activities, purchased only securities listed on the New York Stock Exchange; seldom sold securities in blocks larger than 100; was prompted in his purchasing and selling by mar-

ket considerations; and traded actively. He made no effort to sell the Preserve Company stock in small blocks. It was not listed on the New York Stock Exchange. He did not buy and sell it depending upon market fluctuations. He made no effort to sell less than all of his stock in this company, i. e., either complete ownership of the corporation or at least a majority interest. The Preserve Company stock was not an asset used in the conduct of the business of buying and selling stocks and bonds, but was an asset quite apart from that business and held for an entirely different purpose and under different circumstances. It had no relation whatever to that business. Some of the capital assets used in the conduct of that business were shares of stock similar to the Preserve Company stock, but there the similarity ends. Under such circumstances we hold that the loss did not result from the operation of a business of buying and selling securities regularly carried on by the decedent.

*Judgment will be entered for the respondent.*